IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSEPH CRANE,

    Petitioner,                   No. CIV S-09-1511 DAD P

    vs.

MIKE McDONALD,

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.[1]  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

        In his petition, petitioner presents the following grounds for relief:  (1) due to staffing shortages he has remained in lengthy lock-downs that deny inmates "the basic human need of outdoor exercise;" (2) he has been placed in solitary confinement in violation of the

---

[1] Petitioner's May 29, 2009 in forma pauperis application is attached to his habeas petition and properly establishes that petitioner is unable to afford the costs of suit. (See Doc. No. 1 at 175.) Petitioner's subsequent in forma pauperis application filed on June 10, 2009 (Doc. No. 4), is incomplete and will be denied.

1

Eighth Amendment which in turn has caused him to be denied release on parole; (3) he has been denied equal access to programs, trades and therapy which are necessary to be found suitable for release on parole; and (4) he is "over due (sic) for release from prison" because his commitment offense of second degree murder is on the lowest matrix and his commitment offense involved self-defense. (Pet., Suppl. at 9,19.) In terms of relief, petitioner seeks the issuance of a writ of habeas corpus, an order to show cause, an order allowing this case to proceed as a "class action petition," injunctive relief requiring prison officials to provide daily outdoor exercise for prisoners, and any other relief found appropriate by the court. (Id. at 9.)

Petitioner's petition seeks both habeas relief and relief that may appropriately be sought only in a separate civil rights action. In this regard, when a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). The proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).[2] Thus, to the extent that petitioner wishes to proceed on behalf of a class of individuals and seeks injunctive relief on their behalf, he may not do so in a habeas action. Therefore, the court will dismiss the habeas petition and grant petitioner leave to file an amended petition.

In a habeas action petitioner may, for example, challenge on constitutional grounds a specific hearing decision denying him parole, and he must have exhausted such a claim by first providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1986). Therefore, in any amended petition he

---

[2] Petitioner indicates in his habeas petition that he has filed a civil rights action in the U.S. District Court for the Northern District of California presenting many of the same grounds raised in the habeas petition pending before this court.

elects to file, petitioner must allege the date of the parole hearing and the parole decision he is challenging, refer to specific portions of the hearing decision where, for instance, petitioner's failure to program was a basis for the denial of parole denial. Similarly, if petitioner wishes to allege that his constitutional rights were violated when he was somehow denied release on parole because he was subjected to arbitrary lockdowns, he must at the very least name the facility and dates when he was on lockdown, and identify the programs offered at the facility that he was allegedly unable to attend because he was on lockdown.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's May 29, 2009 application to proceed in forma pauperis, filed with the petition for writ of habeas corpus, is granted;

2. Petitioner's June 10, 2009 application to proceed in forma pauperis (Doc. No. 4) is denied as incomplete;

3. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is dismissed;

4. Petitioner is granted thirty days from the date of service of this order to file an amended petition for writ of habeas corpus that complies with the requirements of the Federal Rules of Civil Procedure; petitioner must use the form petition provided by the court and answer each question in the form petition; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner's failure to file an amended petition in accordance with this order will result in the dismissal of this action; and

5. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus by a state prisoner.

DATED: December 11, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
cran1511.9