1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD JOSEPH CRANE,

11              Petitioner,              No. CIV S-09-1511 DAD P

12        vs.

13   MIKE McDONALD,

14              Respondent.              <u>ORDER</u>

15   _____/

16              Petitioner is a state prisoner proceeding pro se and in forma pauperis with an

17   amended petition for a writ of habeas corpus pursuant to 42 U.S.C. § 2254.  Rule 4 of the Rules

18   Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears

19   from the face and any exhibits annexed to it that the petitioner is not entitled to relief in the

20   district court[.]"  <u>See</u> <u>also</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001) (district court

21   has the authority to dismiss a habeas petition on statute of limitations grounds prior to the state

22   responding to the petition).   Here, upon reviewing the pending petition the court finds that

23   several of the grounds for relief stated by petitioner therein are not cognizable in a federal habeas

24   action and that other grounds upon which petitioner apparently seeks habeas relief require further

25   clarification.  Therefore, the court will dismiss the amended petition and grant petitioner leave to

26   file a second amended petition.  The court will address each of  petitioner's claims below.

I.  Ground One:

> Prison officials violated petitioner's 8th Amendment right to
> safety, during segregation process denied due process violating
> 14th Amendment

(Am. Petition (Doc. No. 9) at 4.[1])  Petitioner explains in his memorandum of points and

authorities in support of his habeas petition, that he requested protective custody because he felt

threatened and that on October 18, 2001, he was placed in administrative segregation where he

remained until August 24, 2002.  (Mem. P&A (Doc. No. 10) at 4.)  Petitioner argues that

officials have "violated petitioner's Eighth Amendment right to be free from fear of imminent

death and forced petitioner into administrative segregation to avoid death without due process

protections . . . ."  (Id.)

Petitioner is advised that this claim appears to challenge the conditions of his

confinement and may not be properly raised in this habeas action.  The proper mechanism for

raising such a claim is through a civil rights action brought pursuant to 42 U.S.C. § 1983.  Badea

v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Therefore, petitioner should not present this claim in

any second amended habeas petition he elects to file.

II.  Ground Two

> Petitioner retaliated against on date transferred to federal court, and
> denied due process, liberty interest, First and 14th Amendment

(Am. Petition at 4.)  With respect to this ground for relief, petitioner alleges that on November

22, 2005, he was issued a rules violation report in retaliation for the filing of a civil rights action

he was pursuing in Crane v. Wheeler, Case No. CIV S-03-2443 GEB DAD P.[2]  Again this claim

---

[1]  All citations are to the page numbers as they appear in the court's electronic filing
system.

[2]  This civil rights action proceeded to jury trial.  On December 2, 2005, the jury returned
a verdict in favor of defendant Wheeler on plaintiff's free exercise of religion and access to
courts claims.  On appeal, the U.S. Court of Appeals for the Ninth Circuit affirmed the judgment
ruling that the district court had properly granted summary judgment for defendants on Crane's

1   is not properly presented in a federal habeas action.  Rather, petitioner must pursue any

2   retaliation claim by way of a civil rights action.  See Mt. Healthy City Bd. of Educ. v. Doyle, 429

3   U.S. 274, 283-84 (1977) (holding that retaliation by a state actor for a prisoner's exercise of a

4   constitutional right is actionable under § 1983).  To the extent that petitioner is challenging the

5   2005 rules violation report issued against him, the court takes judicial notice of the fact that

6   petitioner is already pursing a habeas action in this court challenge that prison disciplinary

7   conviction in the case of Crane v. McDonald, CIV S-09-0852 FCD EFB P.[3]  Therefore, in any

8   second amended habeas petition he elects to file in this case, petitioner should not present any

9   claim challenging his 2005 rules violation report.

10  III.  Ground Three

11          Petitioner has been denied substantive due process in opportunity
            to meet parole requirements due to involuntary administrative
12          segregation

13  (Am. Petition at 5.)  In support of this claim for habeas relief, petitioner refers to specific pages

14  of his memorandum of points and authorities.  However, the allegations set forth therein fail to

15  provide support for this claim for relief.  Instead, the allegations to which petitioner refers

16  concern assaults he has allegedly suffered at the hands of other inmates.

17          In any second amended habeas petition he elects to file, petitioner must identify

18  the specific parole suitability hearing he is challenging and explain what findings or

19  recommendations were made at that parole hearing which supports his claim of entitlement to

20  federal habeas relief.  Petitioner must also explain how any claimed constitutional error in this

21  regard impacts the duration of his confinement.

22

_____

23  claim that disciplinary proceedings violation his due process rights.  The Ninth Circuit also found
    that the district court did not abuse its discretion with respect to evidentiary rulings made during
24  the trial.

25      [3]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
    803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir.
26  1980).

IV.  <u>Ground Four</u>

> Petitioner is being held in solitary confinement without due process
> and some evidence in violation of Fourteenth Amendment

(Am. Petition at 5.)  In support of this ground for relief petitioner again refers to specific pages of his memorandum of points and authorities.  However, the pages referred to by petitioner do not provide support for this claim.  Rather, the allegations referred to by petitioner with respect to this stated ground for habeas relief concern petitioner's allegations that he has been subjected to limited access to outdoor exercise, the lengthy periods of lockdown, "inhuman conditions," and retaliation.  (Mem. P&A at 19-21.)  Again, these allegations concern the conditions of petitioner's confinement and are not appropriately raised in a petition seeking federal habeas relief.  Therefore, this ground for relief should not be raised in any second amended petition petitioner elects to file.

V.  <u>Ground Five</u>

> The continued deprivation of liberty interests and due process are
> capable of repetition yet evading review

(Am. Petition at 6.)  In support of this claim petitioner argues that his grounds for relief are not moot and refers to the decision in <u>Rosenkrantz v. Marshall</u>, 444 F. Supp. 2d 1063, 1076 n. 9 (C.D. Cal. 2006) (holding that the petitioner's subsequent parole hearing did not render his habeas petition challenging a prior parole hearing moot).  (Mem. P&A at 36.)  This bare assertion by petitioner does not provide any valid basis for the granting of federal habeas relief.  Rather, it is merely a legal argument which would be relevant only if petitioner were seeking habeas relief with respect to a specific parole denial and respondent advanced the argument that the petition was moot.   Again, if petitioner is attempting to challenge a denial of release on parole in this federal habeas action, in any second amended petition he elects to file he must identify the specific parole suitability hearing he is challenging and explain what findings or recommendations were made at that parole hearing which supports his claim of entitlement to

1  federal habeas relief.  He must also explain how any claimed constitutional error in this regard

2  impacts the duration of his confinement.  As presented, this claim should not be presented in any

3  second amended petition.

4  VI.  Ground Six

5         California Department of Corrections have imposed a lockdown
       program depriving petitioner of access to trades and education
6       classes, and theray [sic] programs required by the Board of Parole
       Hearings for parole
7

8  (Am. Petition at 6.)  In connection with this stated grounds for habeas relief, petitioner contends

9  that he is being denied access to "prison activities necessary to meet BPH orders for petitioner to

10  become eligible for parole, and because he is protective custody, subjected him to discriminatory

11  treatment in violation of the Fourteenth Amendment."  (Id.)  Again, if petitioner is attempting to

12  challenge a denial of release on parole in this federal habeas action, in any second amended

13  petition he elects to file he must identify the specific parole suitability hearing he is challenging

14  and explain what findings or recommendations were made at that parole hearing which supports

15  his claim of entitlement to federal habeas relief.  Specifically, if he wishes to pursue this aspect

16  of a claim challenging an adverse parole decision, petitioner should also clarify what programs

17  are offered at his institution of confinement, why he was denied access to those programs and

18  how his inability to participate in the educational and therapy programs resulted in the decision to

19  deny him parole.

20  VII.  Ground Seven

21        California Department of Corrections have and are subjecting
       petitioner to cruel and unusual punishment in violation of the
22       Eighth Amendment

23  (Am. Petition at 6.)  In support of this ground for relief, petitioner argues that denying him

24  outdoor exercise violates the Eighth Amendment.  Again, this claim presents a challenge to

25  petitioner's conditions of his confinement.  As noted above, such a claim does not provide the

26  basis for the granting of habeas relief and must instead be raised in a civil rights action.

1   Accordingly, petitioner should not include this claim in any second amended habeas petition he

2   elects to file in this action.

3   VIII.   <u>Miscellaneous Habeas Requirements</u>

4            If petitioner is seeking to challenge an adverse parole decision in this federal

5   habeas action, he is advised that he may challenge only one parole hearing in this case.

6   "[Petitioner] may not challenge several different decisions in a single petition; he must challenge

7   one decision per habeas petition. . . .   Separate petitions are required because exhaustion, venue,

8   procedural default issues, statute of limitations, mootness concerns, and remedies are different

9   for each decision."   <u>Melchhionne v. Tilton</u>, No. 1:08-cv-00116 OWW DLB HC, 2008 WL

10  608385, at *2 (E.D. Cal. March 4, 2008).   <u>See also</u> Rule 2(e), Rules Governing Section 2254

11  Cases (a single petition may challenge only one state court judgment).

12           Petitioner is also cautioned that the exhaustion of state court remedies is a

13  prerequisite to the granting of a petition for writ of habeas corpus.   <u>See</u> 28 U.S.C. § 2254(b)(1).

14  A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all

15  federal claims before presenting them to the federal court.   <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364,

16  365 (1995) (per curiam); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Crotts v. Smith</u>, 73 F.3d

17  861, 865 (9th Cir. 1996); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1986).

18           Finally, petitioner is advised that in his second amended petition, he must clearly

19  state his federal constitutional claims.   It is not sufficient for petitioner to merely make reference

20  to an attachment, or to attach to the petition an appellate brief filed with the state court.

21  Petitioner must answer each question on the form habeas petition, identify each of the claims he

22  is seeking to present to this court, and explain how his federal constitutional rights were violated

23  in connection with each such claim.

24  IX.   <u>Miscellaneous Motions</u>

25           On February 3, 2010, petitioner filed a document with the court styled, "Order To

26  Show Cause," in which petitioner seeks a court order requiring respondent to respond to his

1 amended habeas petition.  In light of the court's analysis of the deficiencies in petitioner's

2 amended petition, the court will deny petitioner's request.

3          On March 5, 2010, petitioner filed a motion for the appointment of counsel.

4 There currently exists no absolute right to appointment of counsel in habeas proceedings.  See

5 Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes

6 the appointment of counsel at any stage of the case "if the interests of justice so require."  See

7 Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the

8 interests of justice would be served by the appointment of counsel at the present time.

9                                                    CONCLUSION

10          In accordance with the above, IT IS HEREBY ORDERED that:

11          1.  Petitioner's amended petition, filed on February 3, 2010, is dismissed;

12          2.  Petitioner is granted thirty days from the date of service of this order to file a

13 second amended petition that complies with the requirements of the Federal Rules of Civil

14 Procedure; the second amended petition must bear the docket number assigned this case and

15 must be labeled "Second Amended Petition;" petitioner shall use the form petition provided by

16 the court and answer each question;

17          3.  Petitioner's February 3, 2010 request for an order to show cause (Doc. No. 11)

18 is denied;

19          4.  Petitioner's March 5, 2010 motion for the appointment of counsel (Doc. No.

20 12) is denied without prejudice;

21          5.  The Clerk of the Court is directed to provide petitioner with the court's form

22 petition for a writ of habeas corpus by a state prisoner; and

23 /////

24 /////

25 /////

26 /////

1        6.  Petitioner's failure to file a second amended petition in accordance with this

2   order will result in the dismissal of this action.

3   DATED: September 13, 2010.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:4
    cran1511.9a

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26