1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD JOSEPH CRANE,

11          Petitioner,              No. CIV S-09-0852 FCD EFB P
                                     No. CIV S-09-1511 DAD P
12      vs.                          No. CIV S-10-2604 EFB P

13   MIKE McDONALD,
                                     ORDER AND
14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding without counsel in three currently pending

17   petitions for writ of habeas corpus:  No. CIV S-09-0852 FCD EFB P, No. CIV S-09-1511 DAD

18   P, and No. CIV S-10-2604 EFB P.  *See* 28 U.S.C. § 2254.  Petitioner seeks consolidation of all

19   three petitions.  Case. No. CIV S-09-0852 FCD EFB P, Dckt. Nos. 17 & 29.  The parties have

20   filed cross motions in Case No. CIV S-09-0852 FCD EFB P.  Respondent moves to dismiss,

21   Dckt. No. 26, and petitioner moves for summary judgment in his favor, Dckt. No. 30.

22          In Case No. CIV S-09-1511 DAD P, the court has dismissed the petition and granted

23   petitioner until November 22, 2010 to file an amended petition.[1]  Case No. CIV S-09-1511 DAD

24   P, Dckt. Nos. 15 & 19.  The most recently-filed petition, Case No. CIV S-10-2604 EFB P, has

25   _____

26         [1]  On November 17, 2010, petitioner requested an extension of time to comply with that
     order.

                                          1

1   not yet been screened by the court.

2          For the reasons set forth below, the court denies petitioner's requests for consolidation,

3   but orders that case No. CIV S-09-1511 DAD P be reassigned to the undersigned pursuant to

4   Local Rule 190(d).  Further, the court recommends that respondent's motion to dismiss Case No.

5   CIV S-09-0852 be granted in part and denied in part, and that petitioner's motion for summary

6   judgment in that case be denied.  Lastly, the court recommends dismissal of Case No. CIV S-10-

7   2604 EFB P for failure to state a claim cognizable under § 2254.

8   **I.  Consolidation**

9          Consolidation of the three above-listed cases is appropriate only if they involve a

10  common question of law or fact, Fed. R. Civ. P. 42(a), and challenge the same state court

11  judgment, Rule 2(e), Rules Governing § 2254 Cases in the United States District Courts.

12         In the first-filed petition, Case No. 09-0852 FCD EFB P, petitioner raises several

13  challenges[2] to a rules violation report ("RVR") issued against him on November 22, 2005 for

14  refusing a prison job:

15                  (1) that he was deprived of due process because the RVR was false and
                    contravened a ruling in a prior administrative appeal;

16

17                  (2) that he was deprived of due process and his First Amendment rights
                    when he was issued the RVR because he had a right to refuse to sign forms
                    agreeing to the job and his conduct did not violate any prison rule;

18

19                  (3) that he was deprived of due process and his First Amendment rights
                    when he was issued the RVR because he had been legally excused from accepting
                    the job.

20

21  Case No. 09-0852 FCD EFB P, Petition, Dckt. No. 1 at 4-5, 8, 14-17, 19-30.  Petitioner mentions

22  in his appended memorandum that the Board of Parole Hearings ("BPH") used the challenged

23  RVR as a basis to deny him parole on March 1, 2007.  *Id*. at 13, 17.  While petitioner did not

24  include a challenge to propriety of the BPH's denial of parole itself in the section of the form

25

26         [2]  For ease of reference, the court will number each separate claim sequentially.

2

1  petition enumerating his grounds for relief, *see id.* at 4-5, he alleges in the attached memorandum

2  that the parole hearing "was rendered unconstitutional" by the BPH's consideration of the RVR

3  and subsequent related failure-to-report-to-work disciplinary actions, *id.* at 28.  Petitioner also

4  included in the memorandum allegations implying that the facts of the commitment offense did

5  not justify the denial of parole.  *Id.* at 28-29.  Accordingly, the court construes the petition as

6  further alleging:

7          (4) that he was deprived of due process because the March 1, 2007
        decision of the BPH was not supported by some evidence of his current
8        dangerousness.

9      In Case No. CIV S-09-1511 DAD P, petitioner alleges:

10          (5) that prison officials denied him his rights under the Eighth and
        Fourteenth Amendments by declining his need for protective custody in 2001;

11

12          (6) that he was deprived of due process and his rights under the First
        Amendment when officials issued the November 22, 2005 RVR because it
        interfered with his "out-to-court" status at the time and contravened a ruling in a
13        prior administrative appeal;

14          (7) that he was deprived of due process because officials placed him in
        administrative segregation or solitary confinement periodically from October
15        2001 forward, where he has been unable to complete programs that would
        enhance his parole eligibility;

16
          (8) that he was deprived of his rights under the Eighth Amendment by
17        being deprived of outdoor exercise for large chunks of 2004, 2005, 2006, 2007,
        2008, and 2009.

18

19  Case No. CIV S-09-1511 DAD P, Dckt. No. 9 at 4-6.  Petitioner separately submitted a

20  memorandum in support of his petition which suggested additional claims:

21          (9) that prison officials failed to protect him from violent assaults
        occurring in 1988, 1992, 2000, 2003, and 2009;

22
          (10) that respondent is "denying [petitioner] parole under the proper
23        standards as a retaliation against the petitioner for his legal actions" and that he is
        not currently dangerous;

24
          (11) that petitioner was placed in administrative segregation from March
25        20, 2008 to September 15, 2008 without a charge and in retaliation for a civil
        rights suit he was pursuing.

26

1   Case No. CIV S-09-1511 DAD P, Dckt. No. 10 at 9-21.  On September 14, 2010, the court

2   dismissed the petition on review under Rule 4 of the Rules Governing § 2254 Cases in the

3   United States District Courts, because "several of the grounds for relief stated by petitioner

4   therein are not cognizable in a federal habeas action" and other grounds "require further

5   clarification."  *Id.*, Dckt. No. 15 at 1.  Specifically, the court dismissed claims (5) and (8) without

6   leave to amend, because those claims concerned the conditions of petitioner's confinement rather

7   than the fact or duration of confinement and thus must be litigated under 42 U.S.C. § 1983 rather

8   than through a habeas petition.  *Id.* at 2, 3, 5-6.  The court also dismissed claim (6) because it

9   was already the subject of Case No. CIV S-09-0852 FCD EFB P.  *Id.* at 2-3.  The court

10  dismissed claim (7) with leave to amend, instructing petitioner to identify the specific parole

11  hearing he wished to challenge, state what findings or recommendations the BPH made at the

12  hearing that supported his claim, and explain how any alleged constitutional error impacted the

13  duration of his confinement.  *Id.* at 3.  The court informed petitioner that a single habeas petition

14  can challenge only one state court judgment, that he must exhaust his state court remedies, and

15  that he must state his constitutional claims clearly in his petition and not in an attachment.  *Id.* at

16  6.  The court did not address claims (9), (10), and (11), which were included solely in the

17  memorandum filed by petitioner and not in the petition itself, but impliedly rejected these claims

18  as improperly filed in a supplemental filing.  *See* E.D. Cal. L.R. 109(b).

19        In Case No. CIV S-10-2604 EFB P, petitioner raises two claims, which are identical to

20  claims (7) and (11) summarized above.  Case No. CIV S-10-2604 EFB P, Dckt. No. 1 at 4-5.

21        In sum, all three of the pending petitions raise one potentially common claim – that

22  petitioner has been erroneously denied parole.  This claim is properly the subject of a single

23  habeas petition only if petitioner challenges a single parole denial, as different parole denials

24  must be challenged in separate habeas actions.  Rule 2(e), Rules Governing § 2254 Cases in the

25  U.S. District Courts; *Melchhionne v. Tilton*, No. 1:08-cv-00116 OWW DLB HC, 2008 WL

26  608385 at *2 (E.D. Cal. Mar. 4, 2008).  In Case No. CIV S-09-0852 FCD EFB P, petitioner

4

1  challenges the BPH decision of March 1, 2007.  Petitioner has not indicated the BPH decision he

2  wishes to challenge in Case No. CIV S-09-1511 DAD P (as the court noted in its order of

3  September 14, 2010) or in Case No. CIV S-10-2604 EFB P.  Accordingly, consolidation of the

4  petitions is not appropriate unless and until petitioner clarifies that he wishes to challenge the

5  same parole denial in each petition, and the court will thus deny petitioner's requests for

6  consolidation (Docket Nos. 17 & 29).[3]  However, all three cases are properly assigned to the

7  same district judge or magistrate judge under Local Rule 190(d).  According, the court will order

8  that Case No. CIV S-09-1511 be reassigned to the undersigned.[4]

9  **II.  *In forma pauperis* petition and Screening, Case No. CIV S-10-2604 EFB P**

10      Petitioner seeks leave to proceed *in forma pauperis* in case No. CIV S-10-2604 EFB P,

11  Dckt. Nos. 2 & 4.  He makes the required showing.  Therefore, the request is granted.  *See* 28

12  U.S.C. § 1915(a).  However, the court must discharge its screening obligation.  For the reasons

13  explained below, the court finds that the petition must be dismissed.  *See* Rule 4, Rules

14  Governing § 2254 Cases.

15      A district court must entertain a habeas petition "in behalf of a person in custody

16  pursuant to the judgment of a State court only on the ground that he is in custody in violation of

17  the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A judge

18  entertaining a habeas petition "shall forthwith award the writ or issue an order directing the

19  respondent to show cause why the writ should not be granted, unless it appears from the

20  application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  The

21  petition must be dismissed if on initial review the court finds that "it plainly appears from the

22

23   [3] Petitioner argues that consolidation is appropriate because all three cases concern acts
    taken in furtherance of a single conspiracy to retaliate against him.  However, the governing
24   rules require that different state judgments be challenged in separate petitions.  Thus, because it
    is possible that petitioner wishes to challenge more than one decision to deny him parole, it is not
25   presently clear that the cases may be consolidated.

26   [4] Petitioner filed his consent to proceed before a United States Magistrate Judge on June
    12, 2009.

5

1   petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

2   Rule 4, Rules Governing § 2254 Cases.  An application for federal habeas relief must specify all

3   grounds for relief, state facts supporting each ground and state the relief requested.  Rule 2,

4   Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must liberally

5   construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d

6   964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not

7   supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v.*

8   *Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

9          As provided above, in Case No. CIV S-10-2604 EFB P, petitioner alleges that: (a) he was

10  deprived of due process because officials placed him in administrative segregation or solitary

11  confinement periodically from October 2001 forward, where he has been unable to complete

12  programs that would enhance his parole eligibility (denoted claim (7) *infra*); and (b) that

13  petitioner was placed in administrative segregation from March 20, 2008 to September 15, 2008

14  without a charge and in retaliation for a civil rights suit he was pursuing (denoted claim (11)

15  *infra*).  Dckt. No. 1 at 4-5.  Petitioner raised claim (7) in Case No. CIV S-09-1511 DAD P, and

16  the court dismissed it as lacking adequate factual support.  The claim must be dismissed for the

17  same reason here.  Petitioner will be given leave to include this claim in an amended petition, but

18  must identify the specific parole denial he wishes to challenge, state what findings or

19  recommendations the BPH made that underly his claim of constitutional violation, and explain

20  how the alleged constitutional violation impacts the duration of his confinement.  If petitioner's

21  allegations in Case No. CIV S-10-2604 EFB P concern the same instance of parole denial as the

22  allegations in Case No. CIV S-09-1511 DAD P, but a different instance of parole denial than that

23  occurring on March 1, 2007, petitioner should not file an amended claim in Case No. CIV S-10-

24  2604 but rather solely in Case No. CIV S-09-1511.  If the only instance of parole denial

25  petitioner wishes to challenge in all three pending case is that of March 1, 2007, he should file a

26  new motion for consolidation in Case No. CIV S-09-0852 FCD EFB P so informing the court.

6

1    Claim (11) must be dismissed without leave to amend as it is not cognizable in a federal

2    petition for writ of habeas corpus.  Even if petitioner were successful on this claim, such a result

3    would not shorten his sentence.  Accordingly, this court lacks habeas jurisdiction over the claim.

4    *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent . . . where

5    a successful challenge to a prison condition will not necessarily shorten the prisoner's

6    sentence.").  As it is clear that petitioner cannot allege that the allegedly retaliatory

7    administrative segregation affected the duration of his imprisonment, the petition will be

8    dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000)

9    (stating that an indigent prisoner proceeding without counsel must be given leave to file

10   amended complaint unless the court can rule out any possibility that the plaintiff could state a

11   claim).  However, this order is without prejudice to petitioner filing a civil rights action

12   challenging his placement in administrative segregation from March 20, 2008 to September 15,

13   2008.

14       The court reiterates the admonitions in the court's order of September 14, 2010 in Case

15   No. CIV S-09-1511 DAD P: If petitioner wishes to challenge separate adverse parole decisions,

16   each decision must be challenged in a separate habeas petition.  Further, petitioner must exhaust

17   his state court remedies on each claim before he may obtain federal habeas relief.  And lastly, in

18   any amended petition filed, petitioner must make clear in the body of the petition what federal

19   constitutional claims he wishes to bring.  He must answer each question on the habeas petition

20   form, identify each claim he seeks to present, and explain how his federal constitutional rights

21   were violated in connection with each claim.

22   **III.  Respondent's Motion to Dismiss, Case No. CIV S-09-0852 FCD EFB P**

23       Respondent moves to dismiss Case No. CIV S-09-0852 FCD EFB P on the grounds that

24   it is untimely and raises claims not cognizable in a federal habeas action.  Dckt. No. 26.

25       A one-year limitations period for seeking federal habeas relief begins to run from the

26   latest of the date the judgment became final on direct review, the date on which a state-created

1    impediment to filing is removed, the date the United States Supreme Court makes a new rule

2    retroactively applicable to cases on collateral review or the date on which the factual predicate of

3    a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

4    § 2244(d)(1).

5        There is no statutory tolling of the limitations period "from the time a final decision is

6    issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v.*

7    *Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state

8    post-conviction application the period is tolled, and remains tolled for the entire time that

9    application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its

10   delivery and acceptance are in compliance with the applicable laws and rules governing filings."

11   *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application

12   is "pending" during reasonable intervals between a lower court decision and filing a new petition

13   in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223-27 (2002).  A federal habeas application

14   does not provide a basis for statutory tolling.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

15        The limitations period may also be equitably tolled where a habeas petitioner establishes

16   two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

17   circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In light of this

18   pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable

19   tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that

20   despite diligently pursuing his rights, some external force *caused* the untimeliness.  *Waldron-*

21   *Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

22        Petitioner has the burden of showing facts entitling him to statutory and equitable tolling.

23   *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065

24   (9th Cir. 2002).

25        As described above, the petition in Case No. CIV S-09-0852 FCD EFB P raises three

26   claims concerning the validity of discipline imposed on petitioner on November 22, 2005 for

1 refusing a prison job.  The petition, liberally construed as is appropriate in this pro se prisoner-

2 filed action, also raises a claim that the BPH decision to deny petitioner parole on March 1, 2007

3 was not supported by some evidence of petitioner's current dangerousness.  Respondent does not

4 address the parole-denial claim in its motion to dismiss and accordingly the court will not

5 address the propriety of that claim in these findings and recommendations.[5]

6      The court agrees with respondent that petitioner's claims regarding the discipline

7 imposed on November 22, 2005 are both untimely and not cognizable in a federal habeas action.

8 The discipline became final on direct review when petitioner's administrative appeal was denied

9 at the Director's Level on September 19, 2006.  Ex. C in Supp. of Pet'n.  Between July 7, 2007

10 and August 20, 2008, petitioner had petitions regarding the discipline pending in the state courts.

11 Exs. 1-7 in Supp. of Resp.'s Mot. to Dism.  He filed the instant petition on March 27, 2009.

12 Thus, 290 days elapsed between the final administrative determination and petitioner's first state

13 petition and 219 days elapsed between the final state court habeas denial and the filing of this

14 federal petition, for a total of 509 days.  Petitioner presents no argument or evidence suggesting

15 that the limitations period should be equitably tolled for any of this time.  Accordingly,

16 petitioner's claims regarding the propriety of the November 22, 2005 RVR are not timely and

17 should be dismissed.[6]

18 ////

19

20      [5] Respondent argues that the parole-denial claim was not presented in the petition.
21 However, as the court has discussed *infra*, the supporting memorandum appended to the petition includes this claim.

22      [6] Petitioner argues that his administrative appeal did not become final until February 9,
23 2007, when the Director's Level informed him that he had filed his appeal for the second time and it would not review the second filing.  *See* Ex. C in Supp. of Pet'r's Opp'n to Resp.'s Mot. to
24 Dism.  It is clear, however, that the merits review of petitioner's administrative appeal concluded on September 19, 2006 and the court should not allow a later limitations-period start-date based
25 on petitioner's improper second administrative appeal.  The court notes that, even if the limitations period were to begin on February 9, 2007, petitioner filed his federal petition too late
26 – 148 days elapsed between that date and his first state petition and 219 days elapsed between the denial of his final state petition and the filing of the federal petition, for a total of 367 days.

1    Moreover, these claims are not proper subjects of a federal habeas petition, as the

2  discipline imposed did not affect the duration of petitioner's confinement.  Ex. C in Supp. of

3  Pet'n (decision at the Director's Level noting that petitioner's administrative appeal had been

4  partially granted at the Second Level of Review "to amend the credit loss to zero."); *Ramirez*,

5  334 F.3d at 859 ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison

6  condition will not necessarily shorten the prisoner's sentence.").  As petitioner suffered no loss

7  of time credits and a successful challenge to the RVR would not necessarily invalidate the

8  BPH's decision to deny petitioner parole, petitioner's challenges to the validity of the RVR are

9  not cognizable in this federal habeas action.

10 **IV.  Petitioner's Motion for Summary Judgment, No. CIV S-09-0852 FCD EFB P**

11   In conjunction with his opposition to respondent's motion to dismiss, petitioner has

12 requested summary judgment.  Case No. CIV S-09-0852 FCD EFB P, Dckt. No. 30.  As the

13 court has recommended dismissal of three of the four claims raised in Case No. CIV S-09-0852

14 FCD EFB P, summary judgment of those claims in petitioner's favor is inappropriate.  With

15 regard to the remaining parole-denial claim, petitioner has not complied with Local Rule 260.

16 He has not provided a statement of undisputed facts.  Nor has he shown that he is entitled to

17 summary judgment.  Accordingly, petitioner's request for summary judgment is denied without

18 prejudice to petitioner filing a new motion, as to the remaining parole-denial claim, that complies

19 with Federal Rule of Civil Procedure 56 and Local Rule 260.

20 **V.  Summary, Order, and Recommendations**

21   For clarity, the court notes that the status of the petitions as a result of this order and the

22 order of September 14, 2010 in Case No. CIV S-09-1511 DAD P is as follows: Allegations

23 denoted *infra* as claims (5), (6), (8), and (11) have been dismissed without leave to amend and

24 should not be included in any subsequent or amended petitions.  Claims (9) and (10) were not

25 properly filed in Case No. CIV S-09-1511 DAD P.  Claim (7) has been dismissed with leave to

26 amend as provided in this order and the order of September 14, 2010 in Case No. CIV S-09-1511

1  DAD P.  Case No. CIV S-09-1511 DAD P will be reassigned to the undersigned.

2  Should the recommendations made herein be adopted, claims (1)-(3) will be dismissed

3  without leave to amend and should not be included in any subsequent or amended petitions.

4  Claim (4) remains to be addressed through further dispositive motion or on the merits.

5  The court emphasizes to petitioner that a federal habeas petition is proper only to

6  challenge the fact that he is confined or the duration of that confinement (for example, claims

7  that his conviction or sentence were unlawful or that he has wrongfully been deprived parole or

8  time credits), and not to challenge the conditions of his confinement (for example, claims that he

9  has been denied exercise or has not been protected from assaults).  Challenges to conditions of

10  confinement which do not implicate the fact or duration of confinement may not be brought in a

11  federal habeas action as explained in this order and the order of September 14, 2010 in Case No.

12  CIV S-09-1511 DAD P and should not be included in any amended or subsequent habeas

13  petitions.

14  Accordingly, it is hereby ORDERED that:

15  1.  This action, Case No. CIV S-09-0852 FCD EFB P, is related to petitioner's habeas

16  petitions at Case No. Civ. S-09-1511 DAD P.  Accordingly, Case No. Civ. S-09-1511 DAD P is

17  hereby reassigned to the undersigned.  The Clerk is directed to make appropriate adjustment in

18  the assignment of civil cases to compensate for the reassignment.

19  2.  Petitioner's motions for consolidation in Case No. CIV S-09-0852 FCD EFB P, Dckt.

20  Nos. 17 and 29, are denied.

21  3.  Petitioner's request to proceed *in forma pauperis* in Case No. CIV S-10-2604 EFB P,

22  Dckt. Nos. 2 & 4, is granted.

23  4.  The petition filed in Case No. CIV S-10-2604 EFB P is dismissed.  Petitioner's claim

24  that he was placed in administrative segregation from March 20, 2008 to September 15, 2008 is

25  dismissed without leave to amend, but without prejudice to petitioner's raising the claim in a

26  civil rights action.  Petitioner's claim that he has been deprived of programs he must complete to

11

1    be eligible for parole is dismissed with leave to amend.  Petitioner shall have 30 days from the

2    date of this order to file an amended petition identifying the specific parole denial he wishes to

3    challenge, stating what findings or recommendations the BPH made that underly his claim of

4    constitutional violation, explaining how the alleged constitutional violation impacts the duration

5    of his confinement, and otherwise complying with this order.

6              It is further RECOMMENDED that:

7              1.  Respondent's September 15, 2010 motion to dismiss in Case No. CIV S-09-0852 FCD

8    EFB P, Dckt. No. 26, be granted in part and petitioner's claims regarding the validity of the

9    November 22, 2005 RVR be dismissed.

10             2.  Respondent be provided 30 days from the date of any order adopting these findings

11   and recommendations to file a dispositive motion regarding the remaining parole-denial claim or

12   to answer to the petition.

13             3.  Petitioner's October 18, 2010 motion for summary judgment in Case No. CIV S-09-

14   0852 FCD EFB P, Dckt. No. 30, be denied.

15             These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

21   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22   In his objections petitioner may address whether a certificate of appealability should issue in the

23   event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

24   ////

25   ////

26   ////

1   Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

2   enters a final order adverse to the applicant).

3   Dated:  January 19, 2011.

4   EDMUND F. BRENNAN

5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26