IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSEPH CRANE,

    Petitioner,

vs.

MIKE McDONALD,

    Respondent.

No. CIV S-10-2604 EFB P
No. CIV S-09-1511 EFB P
No. CIV S-09-0852 EFB P

ORDER

    Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus under 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

    On January 20, 2011, the court dismissed the petition in Case No. Civ. S-10-2604 EFB P with leave to amend. The court had previously dismissed the petition in Case No. Civ. S-09-1511 EFB P on September 14, 2010. In the order of January 20, 2011, the court granted petitioner leave to amend a single claim raised in Case No. Civ. S-10-2604 EFB P, which petitioner had also raised in Case No. Civ. S-09-1511 EFB P. The court further informed petitioner that, if the only instance of parole denial petitioner wishes to challenge in all three pending case is that of March 1, 2007, he should file a new motion for consolidation in Case No.

1

Civ. S-09-0852 FCD EFB P so informing the court. Petitioner has not filed a new motion for consolidation, but has filed his amended petition only in Case No. Civ. S-09-0852 FCD EFB P, challenging solely the March 1, 2007 parole denial.[1]

Accordingly, it is hereby ordered that:

1. Within 30 days of the date of this order, petitioner shall either:

    a. Move to consolidate Case Nos. Civ. S-09-0852 FCD EFB P, Civ. S-09-1511 EFB P, and Civ. S-10-2604 EFB P; or

    b. Show cause why, absent consolidation, Case Nos. Civ. S-09-1511 EFB P and Civ. S-10-2604 EFB P should not be dismissed for failure to file amended petitions in those cases within the time provided by the court.

Dated: April 18, 2011.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner also includes a claim of alleged retaliation by prison officials in violation of petitioner's First Amendment rights. In the court's order of January 20, 2011, the court informed petitioner that any such claim could not be raised in a habeas petition and admonished him not to include it in an amended petition. Accordingly, the court does not consider petitioner's improper retaliation claim in this order.