1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD JOSEPH CRANE,

11        Petitioner,              No. CIV S-09-0852 KJM EFB P
                                    No. CIV S-09-1511 EFB P
12   vs.                           No. CIV S-10-2604 EFB P

13   MIKE McDONALD,
                                    ORDER AND
14        Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel who has filed three petitions for writ of

17   habeas corpus. *See* 28 U.S.C. § 2254.  Currently before the court are petitioner's motion for a

18   preliminary injunction (Docket No. 45), petitioner's amended petition (Docket No. 46), and

19   petitioner's motion to consolidate all three cases.  Two of the cases, Case Nos. 09-1511 EFB P

20   and 10-2604 EFB P, are before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C.

21   § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

22   **I.     Background**

23        Petitioner's three cases are related but have not been consolidated.  Two of the cases,

24   Case Nos. 09-1511 EFB P and 10-2604 EFB P have been dismissed, but with leave to amend as

25   to a single claim – an allegation that petitioner was deprived of due process by repeated

26   placements in segregated housing that prevented him from completing programs that would

1

1   enhance his eligibility for parole (the "segregated housing" claim).  *See* Dckt. No. 40 at 3, 6.

2   The court instructed petitioner that, in amending that claim, he must identify the specific parole

3   denial(s) he wished to challenge, state what findings or recommendations the BPH made that

4   underly his claim of constitutional violation, and explain how the alleged constitutional violation

5   impacts the duration of his confinement.  *Id.*  The court further instructed petitioner that if he

6   wished to challenge the same instance of parole denial in those two cases, he should file an

7   amended petition only in Case No. 09-1511 EFB P.  *Id.* at 6.  The court dismissed several claims

8   regarding petitioner's conditions of confinement as not impacting the duration of petitioner's

9   confinement and thus not cognizable in a habeas action, without leave to amend.  *Id.* at 4, 7.

10        In Case No. 09-0852 KJM EFB P, findings and recommendations were issued

11   recommending that the district judge grant respondent's motion to dismiss petitioner's claims

12   challenging discipline imposed on him in 2005 as untimely and not cognizable in a habeas

13   action.  *Id.* at 9-10.  The undersigned noted that the motion to dismiss did not address petitioner's

14   claim that he was deprived of due process when he was denied parole on March 1, 2007 because

15   the BPH lacked some evidence of his current dangerousness (the "some evidence" claim), and

16   thus that claim remained to be adjudicated.  *Id.* at 9.  The court instructed petitioner that, if he

17   wished to challenge the March 1, 2007 parole denial in all three of his habeas petitions, he

18   should so inform the court and file a motion to consolidate the cases.  *Id.* at 6.  Those findings

19   and recommendations were adopted in full on August 1, 2011, petitioner's claims regarding the

20   validity of the November 22, 2005 rules violation report were dismissed, and respondent was

21   granted 30 days to file a responsive pleading to the parole-denial claim.  Dckt. No. 57.

22   Respondent filed a motion to dismiss the "some evidence" claim on August 3, 2011, and

23   petitioner has been granted an extension of time to file an opposition to that motion.

24   ////

25   ////

26   ////

1    **II.      The Amended Petition and Motion to Consolidate**

2           On March 23, 2011, petitioner filed an amended petition in Case No. 09-0852 KJM EFB

3    P containing both the "segregated housing" and "some evidence" claims, which had previously

4    been separately brought as described above.  He did not filed amended petitions in Case Nos. 09-

5    1511 EFB P and 10-2604 EFB P.  Accordingly, on April 19, 2011 the court ordered petitioner to

6    either move to consolidate the three cases or show cause why Case Nos. 09-1511 EFB P and 10-

7    2604 EFB P should not be dismissed for failure to file an amended petition within the time

8    period provided by the court in its orders of September 14, 2010 (in Case No. 09-1511 EFB P)

9    and January 20, 2011 (in Case No. 10-2604 EFB P).  Petitioner's May 23, 2011 motion to

10   consolidate followed.

11          As the court informed petitioner in its January 20, 2011 order, consolidation of the three

12   pending cases is appropriate only if all three challenge the same instance of parole denial, as

13   different denials of parole must be challenged in separate habeas actions.  Dckt. No. 40 at 4

14   (citing Rule 2(e), Rules Governing § 2254 Cases in the U.S. District Courts and *Melcchionne v.*

15   *Tilton*, No. 1:08-cv-00116 OWW DLB HC, 2008 WL 608385 at *2 (E.D. Cal. Mar. 4, 2008)).

16   Accordingly, the court specifically instructed petitioner that any motion to consolidate must

17   clarify that petitioner wishes to challenge the same parole denial in each of the three cases.  *Id.* at

18   5, 6.  Petitioner's motion fails to so clarify.  Dckt. No. 56.  Instead, petitioner generally states

19   that all three petitions "involve common questions of law and (or) fact, which are the repeated

20   denial of due process by the CDCR, and the use of infirm and completely erroneous evaluations

21   by the Board of Parole Hearings."  *Id.* at 2.

22          The undersigned has examined the amended petition in an attempt to determine whether

23   it challenges one or more instances in which petitioner was denied parole.  The amended petition

24   raises the following claims:

25          (1) That the BPH denied petitioner due process when it denied him parole on March 1,

26   2007 because it based its decision in part on disciplinary actions taken against petitioner in 2005

1 which were themselves unconstitutional (Docket No. 46 at 16-19);

2       (2) That the BPH denied petitioner due process when it denied him parole on March 1,

3 2007 because it lacked some evidence that he is currently dangerous (*id.* at 20-28);

4       (3) That he has been denied due process by being repeatedly placed in segregated

5 housing so that he cannot participate in programs that would enhance his eligibility for parole

6 (*id.* at 29-30); and

7       (4) That he has been denied parole in retaliation for his litigation against prison staff (*id.*

8 at 31-35).

9       Claims (1) and (4) were not previously included in the three petitions filed by petitioner

10 and thus were not addressed in the court's prior orders.[1]  Claim (2) previously appeared in Case

11 No. 09-0852 KJM EFB P (the "some evidence" claim) and has not been adjudicated, and Claim

12 (3) previously appeared in Case Nos. 09-1511 EFB P and 10-2604 EFB P (the "segregated

13 housing" claim).  As noted above, petitioner was given leave to amend the "segregated housing"

14 claim with directions to identify the specific parole hearing challenged and the BPH findings that

15 supported the claim and to explain how any alleged constitutional error impacted the duration of

16 his confinement.  Although petitioner has submitted his amended petition he has not cured the

17 previously identified deficiencies.

18       It is not clear from the amended petition that petitioner wishes to challenge only one

19 instance of parole denial.  While Claims (1) and (2) concern the same parole denial, Claims (3)

20 and (4) are much more broadly pleaded; petitioner nowhere specifies which parole denials were

21 allegedly based on his failure to attend programs due to segregated housing or which parole

22 denials were allegedly retaliatory for his court filings.  Accordingly, the undersigned

23

24       [1] Petitioner did claim in Case No. 09-0852 KJM EFB P that the 2005 disciplinary actions
were unconstitutional, but did not claim that the BPH unlawfully relied on those disciplinary
25 actions to deny him parole.  The undersigned has recommended that petitioner's direct challenge
to the 2005 disciplinary actions be dismissed as untimely and not cognizable in this habeas
26 action.  Dckt. No. 40 at 9-10.

1  recommends that the motion to consolidate be denied.

2  However, for purposes of judicial efficiency, rather than requiring petitioner to separate

3  out his claims and file amended petitions in Case Nos. 09-1511 EFB P and 10-2604 EFB P, the

4  court will treat the amended petition filed in Case No. 09-0852 KJM EFB P as filed in all three

5  cases and will screen the petition under Rule 4 of the Rules Governing § 2254 Cases in the U.S.

6  District Courts.  For the reasons explained below, the undersigned finds that the amended

7  petition fails to state a cognizable claim and fails to comply with this court's prior orders.

8  A district court must entertain a habeas petition "in behalf of a person in custody

9  pursuant to the judgment of a State court only on the ground that he is in custody in violation of

10  the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A judge

11  entertaining a habeas petition "shall forthwith award the writ or issue an order directing the

12  respondent to show cause why the writ should not be granted, unless it appears from the

13  application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  The

14  petition must be dismissed if on initial review the court finds that "it plainly appears from the

15  petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

16  Rule 4, Rules Governing § 2254 Proceedings.  An application for federal habeas relief must

17  specify all grounds for relief, state facts supporting each ground and state the relief requested.

18  Rule 2, Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must

19  liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*,

20  465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations

21  not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James

22  v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

23  Claims (1) and (2), as denoted above, are barred by the United States Supreme Court's

24  recent decision in *Swarthout v. Cooke*, ___ U.S. ___, 131 S. Ct. 859 (2011).  There, the Court

25  held that federal habeas review of a parole denial is limited to the narrow question of whether a

26  petitioner has received "fair procedures."  *Id.* at 862.  In other words, a federal court may only

1    review whether a petitioner has received a meaningful opportunity to be heard and a statement of

2    reasons why parole was denied.  *Id*. (federal due process satisfied where petitioners were

3    "allowed to speak at their parole hearings and to contest the evidence against them, were

4    afforded access to their records in advance, and were notified as to the reasons why parole was

5    denied").  Thus, this court may not review whether the Board correctly applied California's

6    "some evidence" standard or erroneously relied on some specific item of evidence in petitioner's

7    record (e.g., the 2005 disciplinary convictions).  *Id.*  Because Claims (1) and (2) are barred as a

8    matter of law by *Swarthout*, they should be dismissed without leave to amend.  Consequently,

9    respondent's August 2, 2011 motion to dismiss should be denied as moot.

10          As for Claim (3), the court has instructed petitioner twice that, to state this claim in a

11   cognizable fashion, he must identify the specific parole hearing at which he was denied parole

12   because he did not attend programs due to placement in segregated housing.  *See* Dckt. No. 40 at

13   4, 6.  Petitioner has not complied with these orders.  Because petitioner has been afforded the

14   opportunity to amend Claim (3) with specific instructions on how to do so but has not complied,

15   Claim (3) should be dismissed without leave to amend.

16          In Claim (4), petitioner nominally claims that he has been denied parole on unspecified

17   occasions in retaliation for his litigation activity.  Dckt. No. 46 at 31-32.  However, petitioner

18   does not identify any instance in which he was denied parole for retaliatory reasons or provide

19   any facts that would indicate that he has been denied parole for retaliatory reasons.  As Claim (4)

20   is based on conclusory allegations not supported by any specific allegations of fact, it should be

21   dismissed for failure to state a claim.  In addition, the vast bulk of petitioner's allegations in

22   support of Claim (4) concern instances in which various prison staff allegedly took adverse

23   actions against petitioner in retaliation for petitioner's legal actions and do not concern any

24   denial of parole by the BPH.  *Id.* at 31-33.  None of the alleged actions taken against petitioner

25   themselves impacted the duration of his confinement.  *See id.* (alleging that a correctional officer

26   orchestrated an inmate attack against petitioner and then filed a false administrative charge

1   against petitioner for suing him, that other prison officials filed a false rules violation report

2   against petitioner, that petitioner was transferred to another prison and given a more restrictive

3   custody classification, that prison officials filed a false charge against petitioner for refusing to

4   work (of which petitioner was found guilty in an administrative hearing), and that officials have

5   deprived him of outdoor exercise).  Petitioner has repeatedly attempted to litigate similar claims

6   in these habeas actions and has been repeatedly admonished that claims concerning the

7   conditions of his confinement that do not implicate the duration of that confinement may not be

8   brought via habeas petition.  Petitioner has also been admonished several times that he must

9   identify in his claims the specific parole denial he wishes to challenge (because different denials

10  of parole must litigated in different petitions).  Because Claim (4) fails to state any facts

11  supporting petitioner's claim that the BPH has denied him parole in retaliation for his litigation

12  activity, and because petitioner has failed to heed the court's prior instructions that he identify

13  the specific parole denial he wishes to challenge and excise from his petition claims regarding

14  the conditions of his confinement that do not impact the duration thereof, the undersigned

15  recommends that the claim be dismissed without leave to amend.

16      Thus, the undersigned finds that petitioner has failed to state any cognizable claims in the

17  amended petition and, accordingly, recommends that Case No. 09-0852 KJM EFB P be

18  dismissed without further leave to amend.  For the same reasons, the court orders that Case Nos.

19  09-1511 EFB P and 10-2604 EFB P be dismissed without additional leave to amend.

20  **III.     Motion for Preliminary Injunction**

21      Dismissal of Case No. 09-0852 KJM EFB P without leave to amend, as recommended by

22  the undersigned, will render moot petitioner's motion for a preliminary injunction in that case.

23  Moreover, for similar reasons the motion must be denied.  Given the lack of any probable

24  success on the merits, petitioner fails to make the showing required to obtain a preliminary

25  injunction.  Rather, the motion relates a litany of allegations of conspiracies and misconduct by

26  prison officials targeted at plaintiff that are unrelated to allegations of the petition.  Petitioner

7

1   offers no evidence in support of his allegations and makes no showing on many of the

2   requirements for issuance of a preliminary injunction, of which petitioner was informed when

3   the court denied his prior request for a preliminary injunction on February 15, 2011.  Dckt. No.

4   44 at 2.  As the court informed petitioner, to be entitled to preliminary injunctive relief, he must

5   demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

6   in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

7   injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.

8   2009), citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  He has not made

9   that showing.

10          The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary

11   injunctions as it relates to the showing a plaintiff must make regarding his chances of success on

12   the merits survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v. Cottrell*, 622

13   F.3d 1045, 1049-50 (9th Cir. 2010).  Under this sliding scale the elements of the preliminary

14   injunction test are balanced.  As it relates to the merits analysis, a stronger showing of

15   irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits.

16   *Id.*  Even with this sliding scale, petitioner has demonstrated inadequate merit or harm to warrant

17   preliminary injunctive relief.

18          Petitioner alleges that he will suffer irreparable harm without the injunction because "he

19   is clearly being retaliated against, and abused due to his legitimate legal actions."  Dckt. No. 45

20   at 4.  However, petitioner's allegations of retaliation are conclusory and unsupported by any

21   evidence, and petitioner has not demonstrated that he is likely to succeed on the merits, that the

22   balance of equities tips in his favor, or that an injunction is in the public interest.  Accordingly,

23   the motion for preliminary injunction must be denied.

24   ////

25   ////

26   ////

1 | **IV.      Order and Recommendation**

2 | Accordingly, it is ORDERED that:

3 | 1.  Case No. 09-1511 EFB P is dismissed without leave to amend for failure to state a

4 | cognizable claim; and

5 | 2.  Case No. 10-2604 EFB P is dismissed without leave to amend for failure to state a

6 | cognizable claim.

7 | Further, it is further RECOMMENDED that:

8 | 1.  Petitioner's May 23, 2011 motion to consolidate be denied;

9 | 2.  Case No. 09-0852 KJM EFB P be dismissed without leave to amend for failure to

10 | state a cognizable claim;

11 | 3.  Respondent's August 3, 2011 motion to dismiss be denied as moot;

12 | 4.  Petitioner's March 3, 2011 motion for preliminary injunction be denied; and

13 | 5.  The Clerk be directed to close case No. 09-0852 KJM EFB P.

14 | These findings and recommendations are submitted to the United States District Judge

15 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16 | after being served with these findings and recommendations, any party may file written

17 | objections with the court and serve a copy on all parties.  Such a document should be captioned

18 | "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

19 | within the specified time may waive the right to appeal the District Court's order. *Turner v.*

20 | *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

21 | his objections petitioner may address whether a certificate of appealability should issue in the

22 | event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

23 | Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

24 | enters a final order adverse to the applicant).

25 | Dated:  August 31, 2011.

26 |

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9